**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRANADOS-PATINO, Felix, | : | |
| | : | No. 26-cv-2583-JMY |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | |
| JAMISON, J.L., Warden, Federal Detention | : | |
| Center, Philadelphia, *et al.* | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 27th day of April 2026, upon consideration of the Petition for Writ of

Habeas Corpus, ECF No. 1 ("Petition") and the Government's Response in Opposition, ECF No.

5, it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Petitioner from custody immediately and

certify compliance with the Court's Order by filing an entry on the docket no later than **5:00**

**p.m. ET on April 28, 2026**;

3. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C.

§ 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his

request, where an Immigration Judge shall determine whether detention is warranted pending the

resolution of his removal proceedings;

4. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C.

§ 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of

Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the

Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the

Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner;

5.      The Clerk of Court shall mark this case closed. [1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]      For the purposes of resolving this Petition, the Government does not dispute Petitioner's presentation of the facts leading to his detention, including that Petitioner entered the United States at the U.S.-Mexico border in the early 2000s, established community and worked in Warrington, PA, was scheduled for an immigration hearing on April 27, 2026, and was taken into Department of Homeland Security ("DHS") custody with no prior notice or opportunity to contest his detention on April 20, 2026 when Petitioner was leaving wawa on his way to work. *See* ECF No. 1 at 4–5.

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary. ECF No. 5 at 3 (referencing the more than 250 decisions in this district that have rejected the Government's position).

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel*, 2025 WL 3218243; *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Petition, ECF No. 1, is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government' position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).